IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**CYNTHIA STORER,**

    Plaintiff,

vs.                                               No. CIV. 13-0291 JP/ACT

**CITY OF SANTA FE**,

    Defendant.

## MEMORANDUM OPINION AND ORDER DISMISSING CASE

THIS MATTER comes before the Court on pro se Plaintiff Cynthia Storer's Motion to Proceed *in forma pauperis* ("IFP"), filed March 26, 2013 (Doc. 2), and on the Court's concomitant obligation "to review the affidavit and screen her case under 28 U.S.C. §§ 1915(a) and (e)." *Lister v. Dep't Of Treasury*, 408 F.3d 1309, 1311 (10th Cir. 2005). Screening the case under § 1915(e) includes determining whether the action "is frivolous or malicious, . . . fails to state a claim on which relief may be granted; or [] seeks monetary relief against a defendant who is immune from such relief." § 1915(e)(2)(B). "[I]n order to succeed on a motion to proceed IFP, the movant must show a financial inability to pay the required filing fees, as well as the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised in the action." *Lister*, 408 F.3d at 1312. Thus, even if a plaintiff is indigent, if a complaint that a plaintiff seeks to file without prepaying filing fees fails to state a claim on which relief may be granted, it must be dismissed. *See* § 1915(e)(2)(B); *Trujillo v. Williams*, 465 F.3d 1210, 1217 n. 5 (10th Cir. 2006) (noting that dismissal of such complaints is now mandatory).

In screening the complaint, the Court resolves the issue whether the complaint states a claim on which relief may be granted by applying the same standards used in resolving motions to dismiss for failure to state a claim brought under FED. R. CIV. P. 12(b)(6). *See Kay v. Bemis*, 500 F.3d 1214,

1217 (10th Cir. 2007). This means that the Court must

> look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief. Rather than adjudging whether a claim is 'improbable,' factual allegations in a complaint must be enough to raise a right to relief above the speculative level. In addition, [the Court] must construe a pro se [] complaint liberally.

*Id.* at 1218 (internal quotation marks, original brackets, and citations omitted).

It appears that Storer, who with her husband has an income of §1200-1700/month, who lives in a "road van" on reservation trust land, and who spends over $500/month on "recreation and entertainment," Doc. 2 at 2-3, does not meet the indigency requirement for proceeding IFP. *See Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948) (holding that, to proceed IFP, a litigant must show that he "cannot because of his poverty pay or give security for the costs . . . and still be able to provide himself . . . with the necessities of life.").

But even if Storer were indigent, the Court would not grant permission to proceed IFP. Storer attempts to invoke the subject-matter jurisdiction of this Court by bringing suit under 42 U.S.C. § 1983 and 28 U.S.C. § 1343(3). *See* Compl. at 1-2. She seeks damages for bodily injury because "on March 12, 2012 [she] fell over from irregular format of concrete sidewalk at space 271 on Sheridan Street. Causing pain, scarring knee." Compl. at 2.

On these sparse facts, Storer has not alleged sufficient facts to state any kind of cognizable federal claim against the City of Santa Fe. And because Storer has failed to allege any facts to show that the City, while acting under color of state law, violated her rights secured by the Constitution, she has failed to invoke the subject-matter jurisdiction of this Court. *See West v. Atkins*, 487 U.S. 42, 48 (1988) ("To state a claim under § 1983 a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."); *Mehdipour v. Matthews*, No. 10-6073,

2010 WL 2748802 at *3 n.3 (10th Cir. July 13, 2010) ("a plaintiff's failure to properly allege a 'state action' in a § 1983 complaint strips the district court of subject matter jurisdiction only if jurisdiction is alleged under 28 U.S.C. § 1343(3)"); *Elliott v. Chrysler Fin.*, No. 05-2073, 149 Fed. Appx. 766, 768, 2005 WL 2114181, *1 (10th Cir. Sept. 2, 2005) ("To establish subject matter jurisdiction under § 1343, the plaintiff must show that the defendant acted 'under color of any state law.'"). Storer's motion to proceed IFP must be denied and her Complaint must be dismissed. *See Lewis v. Rio Grande Sun*, No. 09-2122, 345 Fed. App'x 357, 358, 2009 WL 2883400, * 1 (10th Cir. Sept. 10, 2009) (affirming denial of motion to proceed IFP because, even though district court found plaintiff to be indigent, she had failed to allege facts demonstrating federal jurisdiction in her complaint), *cert. denied*, 130 S. Ct. 1289, 78 USLW 3438 (Jan 25, 2010).

**IT IS ORDERED** that Storer's Motion for Leave to Proceed *in forma pauperis* (Doc. 2) is DENIED and the Complaint is DISMISSED without prejudice for lack of subject-matter jurisdiction under FED. R. CIV. P. 12(h)(3) and 28 U.S.C. § 1915(e)(2)(B).

_____
SENIOR UNITED STATES DISTRICT JUDGE